

Attorneys-at-Law
8751 W. Broward Blvd.
Suite 105
Plantation, Florida 33324

Chris Kleppin
chris@kleppinlaw.com
Chelsea Lewis
chelsea@kleppinlaw.com
Allyson Morgado
allyson@kleppinlaw.com

Tel.  954.424.1933
Fax  954.474.7405

December 23, 2022

**VIA CM/ECF PORTAL**

David J. Smith, Clerk
United States Court of Appeals
For the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

      **Re:**    **Appeal No.: 21-13232**
            **Case Style: Music Specialist, Inc., et al v. Warner Chappell Music, Inc., et al**
            **District Docket No: 1:18-cv-25474-RAR**

Dear Mr. Smith:

This case is set for oral argument the week of January 16, 2023 in Miami, Florida.

Plaintiffs-Appellants, Music Specialist, Inc. and Sherman Nealy, hereby notify this Court's clerk of the Ninth Circuit's decision in *Starz Entertainment, LLC v. MGM Domestic Television Distribution, LLC*, 39 F.4th 1236 (9th Cir. 2022), which bears on the issues presented in this appeal. (*See* Initial Brief, at pp. 19-30; *see also* Reply Brief, at pp. 16-19, 23-24).  The *Starz* court affirmed the findings of "[m]ost courts, including the" Ninth Circuit, which had previously agreed with the argument set forth by Plaintiffs-Appellants here, that *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667-68, "addressed only the availability of laches in cases where the copyright owner is seeking damages for infringing acts that occurred during the three-year window before a claim is filed," and that "any language in that opinion discussing relief beyond that window is *dicta* and did not affect the viability of the discovery rule," specifically noting that "the discovery rule of accrual of copyright claims is alive and well." *Id.* at 1238.  The *Starz* court cited the Ninth Circuit's previous explanation in *Polar Bear Production, Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004), in which the court stated that "[i]t makes little sense … to bar damages recovery by copyright holders who have no knowledge of the infringement."  *Id.* at 1240 (citing *Polar Bear*, 384 F.3d 700 at 706).

David J. Smith, Clerk
United States Court of Appeals
December 23, 2022
Page **2** of **2**

Moreover, the court expressly disagreed with the Second Circuit's findings in *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2nd Cir. 2020), and ultimately held that "the three-year statute of limitations period begins only when the copyright holder knows or should know of the infringing act," emphasizing that "[n]either the text of the Copyright Act nor *Petrella* imposes a three-year damages bar in a discovery rule case." *Id*. at 1246.

The *Starz* opinion on the relevant issue has subsequently been agreed with by *AMO Dev., LLC v. Alcon Vision, LLC*, 2022 WL 17475479 (D. Del. Dec. 6, 2022), and disagreed with by *Johnston v. Kroeger*, 2022 WL 3703859 (W.D. Tex. Aug. 26, 2022).

                 Very truly yours,

                 *Chris Kleppin*

                 Chris Kleppin

cc: Karen Stetson, Esq.
  Jonathan Gaines, Esq.
  Jonathan Z. King, Esq.
  Plaintiffs-Appellants' co-counsel