# CASE NO. 21-13232

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

————————

**MUSIC SPECIALIST, INC. AND SHERMAN NEALY,**
**Plaintiffs-Appellants,**

**v.**

**WARNER CHAPPELL MUSIC, INC., AND**
**ARTIST PUBLISHING GROUP, LLC,**
**Defendants-Appellees.**

————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

————————

## DEFENDANTS-APPELLEES' MOTION FOR A STAY OF THE
## MANDATE PENDING PETITION FOR A WRIT OF CERTIORARI

————————

**KAREN L. STETSON**
**JONATHAN L. GAINES**
GrayRobinson, P.A.
*Attorneys for Warner Chappell*
*Music, Inc. and Artist Publishing*
*Group, LLC*
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880

#49881817 v1

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

Appellees, Warner Chappell Music, Inc., and Artist Publishing Group, LLC, pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1 through 26.1-4, make the following certification regarding interested persons and corporate disclosure:

AI Entertainment Holdings LLC

(Defendant Warner Chappell Music, Inc. is a wholly-owned indirect subsidiary of Warner Music Group Corp., which is a publicly traded company with more than ten percent of its stock owned by AI Entertainment Holdings LLC and certain of its affiliates, which are not publicly traded companies.)

Artist Publishing Group, LLC

Atlantic Recording Corporation

Baker, Garfield

Becerra, Honorable Jaqueline (United States Magistrate Judge)

Cowan, Liebowitz & Latman, P.C.

Gaines, Jonathan L.

GrayRobinson, P.A.

Herman, Mathew F.

Herman, Peter

King, Jonathan Z.

Kleppin, Chris

Lewis, Chelsea

Lewis Law, LLC

#49881817 v1

Music Specialist, Inc.

Nealy, Sherman

Peter Herman, P.A.

Ruiz II, Honorable Rodolfo (United States District Judge)

Salzano, Frank

Salzano, Lampert & Wilson, LLP

Smith, Byron

Talbot, Carlton

Warner Chappell Music, Inc.

Warner Music Group Corp. stock ("ticker") symbol: WMG

> (Defendant Warner Chappell Music, Inc. is a wholly-owned indirect subsidiary of Warner Music Group Corp., which is a publicly traded company with more than ten percent of its stock owned by AI Entertainment Holdings LLC and certain of its affiliates, which are not publicly traded companies.)

Williamson, Brady

#49881817 v1

## MOTION FOR A STAY OF THE MANDATE
## PENDING PETITION FOR A WRIT OF CERTIORARI

Defendants-Appellees, WARNER CHAPPELL MUSIC, INC. and ARTIST PUBLISHING GROUP, LLC, by and through undersigned counsel, and pursuant to Federal Rule of Appellate Procedure 41(d), respectfully move the Court for a stay of the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court.

1.      As the Court stated in its February 27, 2023 opinion, this appeal required the Court "to answer a question of first impression about the Copyright Act's statute of limitations that has divided our sister circuits." *See*, Opinion, p. 2, Exhibit A hereto. This Court recognized throughout its opinion that there is a circuit conflict as to whether the three-year lookback period for damages under the U.S. Copyright Act applies even if the plaintiff's suit would otherwise be timely under the discovery rule.

2.      The Court noted that the question certified by the district court for interlocutory appellate review -- "whether damages in this copyright action are limited to a three-year lookback period as calculated from the date of the filing of the complaint" -- hinged on the interpretation of the three-year lookback period in actions applying the discovery rule. Opinion, p. 3. The Court further noted that the Second Circuit, in *Sohm v. Scholastic, Inc.*, 959 F.3d 39, 49-50 (2020), held that the

1

U.S. Copyright Act bars retrospective relief for any infringement occurring earlier than three years from the date of a copyright lawsuit, regardless of whether the discovery rule is applicable, while the Ninth Circuit, in *Starz Ent., LLC v. MGM Domestic Television Distrib., LLC*, 39 F.4th 1236, 1242-44 (2022), held that the three-year lookback does not preclude the recovery of damages earlier than three years from the date of the lawsuit where a claim is filed timely under the discovery rule. Opinion, pp. 2-3.

3.      In articulating its holding, this Court reemphasized that the circuits are split on the meaning of the Court's decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014), and indicated that the decision herein agrees with the Ninth Circuit's interpretation of *Petrella's* meaning in *Starz* and rejects the Second Circuit's application of *Petrella* in *Sohm*:

> **The circuits are split on the meaning of *Petrella*. The Second Circuit has held that, even under the discovery rule, a copyright plaintiff may not recover for infringement occurring more than three years before the plaintiff filed suit**. *Sohm*, 959 F.3d at 49-50. The Second Circuit recognized that its ruling undermines the discovery rule: a copyright plaintiff could have a timely claim under the discovery rule but no available relief. But it felt itself bound by the Court's statements in *Petrella*. **More recently, the Ninth Circuit split with the Second Circuit** and held that *Petrella* does not mean that a plaintiff cannot recover for infringement that occurred more than three years before the filing of an otherwise timely suit under the discovery rule. *Starz Ent.*, 39 F.4th at 1242-44. The court reasoned that an absolute three-year bar on damages "would eviscerate the discovery rule." *Id.* at 1244. And the court explained that reading *Petrella* to impose such a rule would mean that the *Petrella* Court ignored the plain

#49881817 v1

text of Section 507(b), which "limits civil actions to 'three years after the claim accrued'" and says nothing about remedies. *Id.* at 1245 (quoting 17 U.S.C. § 507(b)).

**<u>We agree with the Ninth Circuit</u>** and hold that a copyright plaintiff may recover retrospective relief for infringement occurring more than three years before the lawsuit's filing so long as the plaintiff's claim is timely under the discovery rule.

Opinion, pp. 11-12, emphasis added.

4.    Because this Court's decision is in conflict with the decision of another circuit court on the same important matter—specifically, the meaning of the U.S. Copyright Act's statute of limitations and the Supreme Court's decision in *Petrella*—Defendants-Appellees intend to file a petition for a writ of certiorari in the Supreme Court and, pursuant to Rule 41(d), hereby move this Court to stay the issuance of its mandate pending the filing and disposition of such petition.

5.    A direct circuit conflict on an important matter of national concern, which can only be resolved by the Supreme Court itself, is precisely the type of case intended to be addressed by a writ of certiorari.  *See*, Supreme Court Rule 10.

6.    As set forth in Federal Rule of Appellate Procedure 41(d), a "party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court," and the motion "must show that the petition would present a substantial question and that there is good cause for a stay."  As the Supreme Court has elaborated, "[t]o obtain a stay pending the filing and disposition of a petition for

3

writ of certiorari, an applicant must show (1) a reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari; (2) a fair prospect that a majority of the Court will vote to reverse the judgment below; and (3) a likelihood that irreparable harm will result from the denial of a stay." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010).

7.    The petition will present a "substantial question."  Given that this Court's decision directly conflicts with *Sohm,* there is a reasonable probability that four Justices of the Supreme Court will vote to grant certiorari in order to address a significant issue that is national in scope and that can be uniformly resolved only with the guidance of the Supreme Court, and a reasonable possibility that five Justices will reverse the decision.  The current circuit conflict as to the scope of available damages under the U.S. Copyright Act will result in confusion and forum shopping.

8.    There is also good cause for a stay.  This matter is already stayed in the district court pending the appellate determination of the three-year lookback issue under the district court's order certifying the issue as a controlling question of law. Plaintiffs have indicated that they will not continue to pursue this case if it is held that the three-year lookback is applicable, so this issue will be case-dispositive, as recognized by the district court in certifying the issue pursuant to 28 U.S.C. § 1292(b).  *See*, Certification Order, DE 262, p. 2:

4

The extent of recoverable damages is a controlling issue of law in this case and an immediate appeal from the Order may materially advance the ultimate termination of the litigation. Plaintiffs have indicated that because the vast bulk of damages being sought fall outside of the three-year lookback period, limiting Plaintiffs' recovery to the three years prior to Plaintiffs filing suit will render this matter no longer practical to pursue. The parties agree that the limitation of damages is a controlling issue of law, and the Court concurs. *See, e.g.*, *Profit Point Tax Techns., Inc. v. DPAD Grp., LLP*, No. 19-cv-698, 2021 WL 1967961, at *3 (W.D. Pa. May 17, 2021) ("A controlling issue of law is one that will end the litigation," *citing Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990), and "may also be found where the issue is serious to the conduct of the litigation, either practically or legally," *citing Katz v. Carte Balance Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)); *see also McFarlin v. Conseco Servs*., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) ("resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation."). An issue of law has also been termed controlling where, as is the case here, "the certified issue has precedential value for a large number of cases." *Klinghoffer*, 921 F.2d at 24.

Plaintiffs have advised both the district court and this Court that the appellate determination of this issue against them will terminate the litigation. *See also*, Petition by Plaintiffs for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b), p. 18, Appeal No. 21-90018 ("Here, Plaintiffs have acknowledged, and the Certification Order emphasized, Plaintiffs' indication that the 'vast bulk of damages being sought fall outside the three-year lookback period' meaning that 'limiting Plaintiffs' recovery to the three years prior to Plaintiffs' filing suit will render the matter no longer practical to pursue.' Certification Order at 2.… [T]his matter can

essentially be terminated depending on the Court's determination of the issue presented.").

The same principles that supported the stay of this matter pending appellate resolution of the three-year lookback issue remain. Absent a stay, application of this Court's decision will move forward in the district court at the same time it is being litigated in the Supreme Court. Many courts have concluded that incurring unnecessary litigation costs when that could have been avoided constitutes irreparable harm. *See*, *e.g.*, *Pena v. Taylor Farms Pac., Inc.*, No. 13-01282, 2015 WL 5103157, at *5 (E.D. Cal. Aug. 31, 2015) (collecting cases).

District court proceedings applying this Court's rule should not occur before the contours of that rule are definitively established in the Supreme Court. For the same reasons that the district court has stayed proceedings pending appeal, and in light of Plaintiffs' representation that they would not proceed to trial if the lookback issue is decided in Defendants' favor, good cause exists for this Court to stay issuance of the mandate in this case.

> Karen L. Stetson
> Jonathan L. Gaines
> GRAY ROBINSON, P.A.
> *Attorneys for Warner Chappell Music, Inc.*
> *and Artist Publishing Group, LLC*
> 333 S.E. Second Avenue, Suite 3200
> Miami, Florida 33131

6

Karen.Stetson@gray-robinson.com
Jonathan.Gaines@gray-robinson.com
Phone: (305) 416-6880
Fax: (305) 416-6887

By: /s/ Karen L. Stetson
Karen L. Stetson
Florida Bar No: 742937
Jonathan L. Gaines
Florida Bar. No. 330361

### CERTIFICATE OF COMPLIANCE
### AS TO FONT SIZE AND WORD COUNT

This Motion complies with the typeface and typestyle requirement of Fed. R. App. 27(d)(1)(E) and 32(a)(5) and (6). It has been prepared in a proportionately spaced typeface, in Times New Roman 14 point font. This Motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(a). It contains 1551 words.

Dated: March 27, 2023

By: /s/ Karen L. Stetson
Karen L. Stetson

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF this 27th day of March, 2023.

By: /s/ Karen L. Stetson
Karen L. Stetson

#49881817 v1