CASE NO.: 21-13232

_____

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

MUSIC SPECIALIST, INC., and SHERMAN NEALY,

Plaintiffs/Appellants,

vs.

WARNER CHAPPELL MUSIC, INC., and ARTIST PUBLISHING GROUP LLC,

Defendants/Appellees.

_____

**APPELLANTS' RESPONSE TO MOTION TO STAY MANDATE**
_____

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DC DOCKET 18-25474-RUIZ

_____

CHRIS KLEPPIN, ESQ.
The KLK Law Firm
8751 W. Broward Blvd
Suite 105
Plantation, FL 33324
Telephone: (954) 424-1933
Facsimile: (954) 474-7405

Counsel for Appellants
*Music Specialist, Inc., et al., v. Warner Chappell, et al.*, Case No. 21-13232

# CERTIFICATE OF INTERESTED PERSONS AND <u>PUBLIC DISCLOSURE STATEMENT</u>

AI Entertainment Holdings LLC, Parent Company of Defendants-Appellees Warner Chappell Music, Inc. and Atlantic Recording Corporation

Artist Publishing Group, LLC, Defendant-Appellee

Atlantic Recording Corporation, Defendant-Appellee

Baker, Garfield, entitled to % recovery per agreement with Sherman Nealy

Becerra, Jacqueline, United States Magistrate Judge for the Southern District of Florida

Brown Rudnick LLP, Appellant's Counsel

Cowan, Liebowitz & Latman, P.C., Counsel for Defendant Atlantic Recording Corporation

Gaines, Jonathan, Appellee's Counsel

Gray Robinson, P.A., Appellee's Counsel

Herman, Peter, Appellant's Counsel

King, Jonathan, Counsel for Defendant Atlantic Recording

Kleppin, Chris, Appellants' Counsel

KLK Law Firm, Appellant's Counsel

Lewis, Chelsea, Appellant's Counsel

Moreno, David, Appellant's Counsel

Music Specialist, Inc., Plaintiff-Appellant

Music Specialist Publishing, d/b/a of Plaintiff-Appellant Music Specialist, Inc.

Nealy, Sherman, Plaintiff-Appellant

Peter Herman, P.A., Appellant's Counsel

Ruiz II, Rodolfo A., United States District Judge for Southern District of Florida

Salzano, Frank, Appellant's Counsel

Salzano, Lampert & Wilson, LLP, Appellant's Counsel

Smith, Byron, entitled to % of recovery per agreement with Sherman Nealy

Stetson, Karen, Appellee's Counsel

Talbot, Carlton, Appellant's Counsel

Talbot Legal Consultants, Appellant's Counsel

The Kleppin Firm, P.A., Appellants' Counsel

Warner Chappell Music, Inc., Defendant-Appellee

Warner Music Group Corporation ("WMG"), Parent Company of Defendant-Appellees Warner Chappell Music, Inc. and Atlantic Recording Corporation

## BACKGROUND

Appellees seek to stay the mandate on about the day that the mandate is due to be issued. The motion was filed without any conferral or even any conferral attempt before or after filing. Appellees' sole argument is that there is a split in the circuits, and thus the mandate should be stayed. While we acknowledge that there is a split in the circuits (as acknowledged by the panel opinion itself), that does not in and of itself mean that a cert petition will be granted. The Supreme Court grants well fewer than .5% of all cert petitions (those that include the interpretation of a federal statute or circuit splits for resolution). Thus, practically speaking, the odds are stacked against Appellee significantly. Since a cert petition being granted has such small chance, the staying of a mandate needs more than just the fact there is a circuit split. Appellees acknowledge this by citing the applicable legal standard for the stay is whether the cert petition would present a substantial question and there is good cause for a stay. These questions have several applicable factors including whether there is a reasonable probability four Justices will grant cert, a fair prospect a majority will reverse and there is irreparable harm if the stay is not granted.

Here, Appellees can show neither, and the factors do not aid them in their quest. The main reason is that panel opinion cogently interprets the statute via its plain meaning (which is pellucid), and the present Supreme Court is emphatic in its zeal to interpret statutes based on their plain meaning. Further, the issue has not

percolated sufficiently,   It is too soon for the Supreme Court to be interested. *Sohm*, *Starz*, and the instant case have all been decided in the last few years, and are only 3 circuits.  The Court is likely to wait until 3-6 more circuits weigh in and 100-200 more district courts rule on the issue.  The vast majority of district courts are deciding the issue in accordance with the panel opinion.   *See, e.g.*, *Starz Entertainment, LLC v. MGM Domestic Television Distribution, LLC*, 39 F.4th 1236 (9th Cir. 2022); *AMO Dev., LLC v. Alcon Vision, LLC*, 2022 WL 17475479 (D. Del. Dec. 6, 2022) (citing cases).  In fact, the author of *Sohm*, Judge Sullivan, cited to his own district court opinion that he issued before he was appointed to the Second Circuit.  *See Papazian v. Sony Music Entm't*, 2017 WL 4339662, at *5 (S.D.N.Y.). Once *Sohm* and *Papazian* are taken out of consideration, there is scant legal support for Appellees' argument.  The overwhelming weight of authority supports the panel opinion's legal determination.   Therefore, the motion to stay mandate should be denied, because of the failure of Appellees' to fulfill the 2-part test and its elements.

    Finally, while Appellees claim that a grant of cert and reversal on the issue ends the case for Appellants, undersigned counsel's understanding is that there are damages and the case will be tried no matter the determination of the legal ruling, but that if there were reversal, Appellants damages are quite small. (*See Motion* at 5) (quoting Appeal Petition which quotes the Certification Order that "Plaintiffs have acknowledged . . .  that the vast bulk of the damages being sought fall outside

the three-year lookback period"). We stand by that statement, as the vast bulk of the damages (over 90%) were incurred more than 3 years from when suit was filed. That does not warrant a stay.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this Motion complies with the type-volume limitation set forth in the Federal Rules of Appellate Procedure and contains 621 words.

                                                Respectfully submitted,

                                                By: /s/*Chris Kleppin*
                                                     Chris Kleppin
                                                     Fla. Bar No. 625485
                                                   chris@kleppinlaw.com
                                                   Chelsea Lewis
                                                   Fla. Bar No. 111607
                                                   Chelsea@kleppinlaw.com
                                                   The Kleppin Law Firm
                                                   *Counsel for Plaintiff*
                                                   8751 W. Broward Blvd
                                                   Suite 105
                                                   Plantation, FL 33324
                                                   Tel. (954) 424-1933
                                                   Fax (954) 474-7405
Secondary E-Mails:       assistant@kleppinlaw.com

# **CERTIFICATE OF SERVICE**

I certify that on March 29, 2023, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully submitted,

By: /s/*Chris Kleppin*
    Chris Kleppin
    Fla. Bar No. 625485
    chris@kleppinlaw.com
    Chelsea Lewis
    Fla. Bar No. 111607
    Chelsea@kleppinlaw.com
    The Kleppin Law Firm
    *Counsel for Plaintiff*
    8751 W. Broward Blvd
    Suite 105
    Plantation, FL 33324
    Tel. (954) 424-1933
    Fax (954) 474-7405

Secondary E-Mails:    assistant@kleppinlaw.com